# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

NICHIA CORPORATION,

    Plaintiff,

v.

LIGHTING SCIENCE GROUP CORP.

    Defendant.

Case No. 6:19-CV-1333-RBD-EJK

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S NON-INFRINGEMENT CONTENTIONS[1]

Plaintiff's Motion to Strike Defendant's Non-Infringement Contentions (D.E. 52, "Motion") seeks to bar Defendant Lighting Science Group Corp. ("Defendant") from asserting "non-infringement theories at some point in the future." Motion, at 3. Precluding defenses "'ought to be a last resort –ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" *Pandora Jewelry, LLC v. Cappola Capital Corp.*, 2009 WL 790129, at *3 (M.D. Fla. Mar. 23, 2009) (quoting *United States v. Certain Real Property Located at Route 1*, 126 F.3d 1314, 1317 (11th Cir.1997)) (striking affirmative defenses after the defendant willfully disregarded three separate discovery orders and "was specifically warned that failure to identify and/or produce documents could result in dismissal of all unsupported … affirmative defenses"). Such sanctions are "inappropriate" in "the absence of either a motion to compel … or an order of the court compelling discovery." *Route 1*, 126 F.3d at 1318.

---

[1] Filed pursuant to Magistrate Judge Embry J. Kidd's Standing Order on Discovery Motions dated January 3, 2020.

During the meet and confer, Plaintiff's counsel sought better responses and did not mention a motion to strike. But Plaintiff did *not* move to compel, and the Court has *not* issued an order compelling better responses. Nor did Plaintiff present evidence of bad faith.

Given the limitations of Plaintiff's contentions and information available to Defendant at this time, Defendant's contentions disclose its anticipated arguments in good faith. Plaintiff complains Defendant did not disclose "why an equivalent is not present," Motion, at 2; but Plaintiff did not assert infringement under the doctrine of equivalents, Motion, Ex. A, at 5 ("At this time, Nichia contends that the Accused Devices literally infringe …. However, Nichia reserves the right to assert infringement under the doctrine of equivalents based on, for example discovery from LSG and/or any claim construction issued by the Court"). Plaintiff complains Defendant did not "provide specific contentions for each accused infringing product," Motion, at 2; but Plaintiff "charts exemplary … products," *e.g.*, Motion, Ex. A, Exs. A-C. Defendant cannot provide information not yet in its possession. Plaintiff opposes adding third-party suppliers (D.E. 50) slowing Defendant's investigation.

According to the CMSO, Defendant identifies what it "believes" to be true and discloses the facts in its present possession. Non-infringement is a denial, not an affirmative defense. *See, e.g., Medtronic, Inc. v. Mirowski Family Ventures*, LLC, 571 U.S. 191, 198–99 (2014) ("'[T]he burden to prove infringement never shifts [to the alleged infringer] if the charge is denied in the plea or answer.'") (quoting *Imhaeuser v. Buerk*, 101 U.S. 647, 662 (1880)). The CMSO does not shift the burden of disproving infringement to Defendant. The purpose of such early contentions is "to require the parties to identify the likely issues in the

case, to enable them to focus and narrow their discovery requests." Northern Illinois Local Patent Rule 2.2. Defendant's contentions provide such notice and should not be stricken.

Respectfully submitted,

*s/Joshua R. Brown*
Joshua R. Brown, B.C.S.
Florida Bar No. 826391
brownjr@gtlaw.com
GREENBERG TRAURIG, P.A.
450 South Orange Ave., Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
Facsimile: (407) 841-1295
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished, electronically, through the CM/ECF system, to all counsel of record on February 3, 2020.

*s/Joshua R. Brown*
Joshua R. Brown