# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| NICHIA CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>LIGHTING SCIENCE GROUP CORP.<br><br>      Defendant.<br><hr><br>LIGHTING SCIENCE GROUP CORP.<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>SHANGHAI DANGOO ELECTRONICS CO. LTD.;<br>SHENZHEN TORSHARE TECHNOLOGY CO., LTD.; and<br>XIAMEN FRIENDLY LIGHTING TECHNOLOGY CO., LTD.<br><br>      Third-Party Defendants. | Case No. 6:19-CV-1333-RBD-EJK |

## THIRD-PARTY COMPLAINT AND DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 14(a), Defendant / Third-Party Plaintiff Lighting Science Group Corp., by and through its undersigned counsel, states and alleges the following as and for its Third-Party Complaint against Shanghai Dangoo Electronics Co. Ltd., Shenzhen Torshare Technology Co., Ltd., and Xiamen Friendly Lighting Technology Co., Ltd. (collectively, "Third-Party Defendants"):

## PARTIES

1. Defendant / Third-Party Plaintiff Lighting Science Group Corp. ("LSG") is a Delaware corporation with its principal place of business in Cocoa Beach, Florida.

2. On information and belief, Third-Party Defendant Shanghai Dangoo Electronics Co. Ltd. ("Dangoo") is a Chinese corporation with its principal place of business in Shanghai, China. On information and belief, Dangoo is a foreign business corporation transacting business in at least the State of Florida.

3. On information and belief, Third-Party Defendant Shenzhen Torshare Technology Co., Ltd. ("Torshare") is a Chinese corporation with its principal place of business in Shenzhen, China. On information and belief, Torshare is a foreign business corporation transacting business in at least the State of Florida.

4. On information and belief, Third-Party Defendant Xiamen Friendly Lighting Technology Co., Ltd. ("Friendly") is a Chinese corporation with its principal place of business in Xiang'an, China. On information and belief, Friendly is a foreign business corporation transacting business in at least the State of Florida.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and/or 2202, as these are claims so related to the claims in the underlying Complaint filed in *Nichia Corp. v. Lighting Science Group Corp.* (Civ. No. 6:19-CV-1333-RBD-EJK) ("Action") by Plaintiff Nichia Corporation ("Plaintiff"), that they form part of the same case or controversy.

6. This Court has personal jurisdiction over the Third-Party Defendants at least because, at all relevant times, the Third-Party Defendants have regularly done or solicited a substantial amount of business and/or engaged in a persistent course of conduct and derived substantial revenue from interstate commerce within the State of Florida, including doing and soliciting business and deriving substantial revenue from interstate commerce with LSG relating to products that are the subject of the underlying patent infringement Action brought by Plaintiff.

7. Venue is proper in this District pursuant to at least 28 U.S.C. § 1391, at least because a substantial portion of the events or omissions giving rise to Plaintiff's Complaint in this patent infringement Action (including the filing of Plaintiff's Complaint itself) occurred within the judicial district of the United States District Court for the Middle District of Florida.

## FACTS

8. On or about July 19, 2019, Plaintiff filed three lawsuits in the United States District Court for the Middle District of Florida for patent infringement against LSG and one or more of LSG's wholly owned subsidiaries: Case No. 6:19-cv-1332, Case No. 6:19-cv-01333, and Case No. 6:19-cv-1334). On July 31, 2019 (6:19-CV-1332) and August 8, 2019 (6:19-CV-1333 and 6:19-CV-1334), Plaintiff filed First Amended Complaints in the three lawsuits.

9. In total, the First Amended Complaints accused 8 of Defendants' LED luminaire—i.e., bulb and/or fixture—products of infringement. On November 13, 2019, Plaintiff served its Infringement Contentions. These contentions accused for the first time an additional 32 LED luminaires of infringement, for a total of 40 (the "Accused Products")

10. Plaintiff's Infringement Contentions allege that *LED components* inside the Accused Products infringe Plaintiff's patents. Defendants do not manufacture the accused luminaires, let alone the LED components within that are targeted by Plaintiff's claims of infringement. Rather, the Accused Products are generally manufactured by third-party contract manufacturers ("Contract Manufacturers"). The Contract Manufacturers in turn incorporate LED components designed and manufactured exclusively by third-party suppliers.

11. Contract Manufacturer Dangoo is an LED lamp and luminaire manufacturer. According to its website, "Dangoo has produced over 107 million high quality LED bulbs."[1] Dangoo has supplied and continues to supply to LSG, pursuant to a Master ODM Agreement dated December 12, 2013, at least the following Accused Products, including in each instance the components that are accused of infringement in this action (the "Dangoo Accused Products"):

| Case No. | Accused Product Name |
| --- | --- |
| 6:19-cv-01333 | EcoSmart #1001-542-831 (ECS A15 40WE W27 120 G1 BL) (FG-02301) |
| 6:19-cv-01333 | EcoSmart #1001-023-465 (ECS BR30 65WE CW 120 G2 BL DP) (FG-01870) |
| 6:19-cv-01333 | EcoSmart #1000-001-424 (ECS 25 40WE W27 120 DG) (FG-01171) |
| 6:19-cv-01333 | EcoSmart #1000-018-577 (ECS B11 CA W27 25WE CL 120 DG)--FG-00923 |
| 6:19-cv-01333 | Ecosmart #1000-018-583 (ECS B11 CA W27 40WE CL 120 DG)--FG-00924 |
| 6:19-cv-01333 | Glimpse Advantage 4" #FG-02353 (LS GLPA4 WW 120 WH BX) ("Glimpse-2353") |

12. Contract Manufacturer Torshare has previously supplied and/or continues to supply to Defendants at least the following Accused Product (the "Torshare Accused Product"):

---

[1] http://www.dangoo.com.cn/index_80.aspx.

| Case No. | Accused Product Name |
|---|---|
| 6:19-cv-01333 | T8 #FG-01901 (LSPro T8 NW 48 18W FR) |

13. Contract Manufacturer Friendly has previously supplied and/or continues to supply to Defendants at least the following Accused Products (the "Friendly Accused Products"):

| Case No. | Accused Product Name |
|---|---|
| 6:19-cv-01333 | MR16 #FG-02415 (LSPro 16 50WE CW FL BX) |
| 6:19-cv-01333 | R20 #FG-02454 (LSPro R20 50WE CW 120 FS1 BX) |
| 6:19-cv-01333 | PAR16 #FG-02402 (LSPro 16 35WE CW FL E26 BX) |
| 6:19-cv-01333 | R20 #FG-02451 (LSPro R20 50WE W27 120 FS1 BX) |
| 6:19-cv-01333 | BR30 #FG-02462 (LSPro BR30 75WE CW 120 FS1 BX) |
| 6:19-cv-01333 | BR40 #FG-02489 (LSPro BR40 90WE CW 120 FS1 BX) |
| 6:19-cv-01333 | BR40 #FG-02486 (LSPro BR40 90WE W27 120 FS1 BX) |
| 6:19-cv-01333 | PAR20 # FG-02423 (LSPro 20 50WE CW NFL 120 BX) |
| 6:19-cv-01333 | PAR30 #FG-02424 (LSPro 30 75WE W27 FL 120 BX) |
| 6:19-cv-01333 | PAR30 #FG-02427 (LSPro 30 75WE CW FL 120 BX) |
| 6:19-cv-01333 | PAR38 #FG-02439 (LSPro 38 120WE CW FL 120 BX) |
| 6:19-cv-01333 | MR16 #FG-02341 (LSPro 16 50WE W27 NFL BX) |
| 6:19-cv-01333 | A19 Omni #FG-02280 (LS A19 40WE W27 120 FS1 4PK) |

14. LSG notified each of the identified Third-Party Defendants of these infringement actions and requested that each of the Third-Party Defendants defend and indemnify Defendants. Although conversations are on-going, to date, none of the Third-Party Defendants have agreed to do so.

## COUNT 1
### (Contractual Indemnification – Third-Party Dangoo)

15. LSG repeats, reiterates, and re-alleges each and every allegation contained in Paragraphs 1 through 14 above, as if fully set forth herein.

16. Dangoo is a Contract Manufacturer for Defendants. Dangoo and Defendants entered into a manufacturing agreement in December 2013 ("Master ODM Agreement") under which Dangoo manufactures and supplies to Defendants LED luminaires, including the Dangoo Accused Products. **Exhibit A** (Master ODM Agreement). This agreement is still in force today.

17. The Master ODM Agreement includes an express provision obligating Dangoo to indemnify LSG for claims of patent infringement:

> Dangoo agrees to **indemnify, defend and hold LSG and its . . . affiliates . . . harmless from and against all claims**, damages, losses, costs and expenses, including attorneys' fees, recovered by third parties arising from any third party claims asserted against LSG and its . . . affiliates . . ., arising out of or **in connection with any actual or alleged: (i) infringement** . . . by any Product of any patent . . . of any third party wherever located . . . provided that Dangoo shall not have an obligation to indemnify an LSG Indemnified Party hereunder if such claim would not have occurred but for the Custom Elements . . . .

**Exhibit A** (Master ODM Agreement) § 18(b) (emphasis added).

18. LSG denies liability to Plaintiff. Nevertheless, Dangoo is obligated under the Master ODM Agreement to defend and hold harmless LSG against the claims of patent infringement that Plaintiff raises in this lawsuit. Moreover, if LSG were to be held liable to Plaintiff, LSG would be entitled to indemnification of damages from Dangoo pursuant to the terms of the Master ODM Agreement.[2]

---

[2] This obligation is not limited by the carve-out for "Custom Elements." The Dangoo Accused Products do not contain Custom Elements that are pertinent to the claims of the Asserted Patents, such as LED components.

19. LSG is entitled to contractual indemnification from Third-Party Defendant Dangoo for any damages, costs, expenses, and attorney's fees, incurred or to be incurred as a result of defending this claim.

## COUNT 2
### (Breach of Express Warranty – Third-Party Dangoo)

20. LSG repeats, reiterates, and re-alleges each and every allegation contained in Paragraphs 1 through 14 above, as if fully set forth herein.

21. Under the Master ODM Agreement, Dangoo "warrants . . . [that] (iv) all Products and services delivered shall be **free of any claim that such Product infringes any patent**, copyright, trade secret, or other intellectual property right of any third party, except insofar as such claims are based solely on Dangoo's compliance with LSG Specifications." **Exhibit A** (Master ODM Agreement) § 15(a).

22. Here, Plaintiff's claims of patent infringement are not based solely, or even partly, on Dangoo's compliance with LSG Specifications. Plaintiff's allegations of patent infringement target the internal structure, composition, and function of the LED components included within the Dangoo Accused Products. LSG does not specify such features to Dangoo.

23. If Plaintiff were to prove that the Accused Products manufactured by Dangoo infringe the Asserted Patents in the underlying Action, this would clearly constitute a breach of the warranty provision of the Master ODM Agreement. **Exhibit A** (Master ODM Agreement) § 15(a).

24. LSG notified Dangoo that the Accused Products manufactured by Dangoo were the subject of patent infringement actions filed by Plaintiff Nichia Corporation. However, to date, Dangoo has not agreed to honor its warranty obligations.

25. As a result of Dangoo's material breach, LSG will sustain damages.

## COUNT 3
### (Breach of Contract – Third-Party Defendant Dangoo)

26. LSG repeats, reiterates, and re-alleges each and every allegation contained in Paragraphs 1 through 14 above, as if fully set forth herein.

27. Failure by Dangoo to honor the indemnification provision under Master ODM Agreement § 18(b) (Count 1, above) by failing to indemnify and defend Defendants / Third-Party Defendants "against all claims" constitutes a material breach of the Master ODM Agreement. **Exhibit A**.

28. As a result of such breach, LSG has and will sustain damages including, but not limited, the fees and costs to defend these actions brought by Plaintiff.

29. Further, if Plaintiff proves that the Accused Products manufactured by Dangoo infringe the Asserted Patents in the underlying Action, this would constitute a breach of the warranty provision under Master ODM Agreement § 15(a). **Exhibit A**.

30. As a result of such breach, LSG would sustain additional damages in the form of a judgment in favor of Plaintiff and the fees and costs required to comply.

## COUNT 4
### (Breach of Statutory Warranty Against Infringement Under U.C.C. § 2-312, Fla. Stat. § 672.312, NY UCC § 2-312, Cal. Com. Code § 2312, and/or CISG, Art. 42 – All Third-Party Defendants)

31. LSG repeats, reiterates, and re-alleges each and every allegation contained in Paragraphs 1 through 14 above, as if fully set forth herein.

32. All Third-Party Defendants are merchants regularly dealing in goods of the kind at issue in this matter (e.g., LED lamps or luminaires and LED components that are used in

those LED lamps or luminaires). The manufacturing and sale of LED luminaires and components—like the Accused Products and components thereof—is the business of each of the Third-Party Defendants.

33. To the extent Plaintiff's claims represent rightful infringement claims, such rightful claims have been initiated against LSG, and the goods in which Third-Party Defendants regularly deal were subject to such claims upon delivery of those goods to LSG.

34. LSG did not furnish specifications to any of the Third-Party Plaintiffs relating to the accused features of the Accused Products identified in the charts above.

35. If Plaintiff were to prove that the Accused Products manufactured by Third-Party Defendants infringe the Asserted Patents in the underlying Action, this would amount to a breach of the statutory warranty against infringement under U.C.C. § 2-312, Fla. Stat. § 672.312, NY UCC § 2-312, Cal. Com. Code § 2312, and/or CISG, Art. 42, and the applicable Third-Party Defendant would be liable for such damages, fees, or costs that LSG would have incurred in defending against Plaintiff Nichia's patent infringement claims.

## PRAYER FOR RELIEF

**WHEREFORE**, LSG demands judgment over and against Third-Party Defendants for the full amount of any judgment or verdict rendered against LSG in favor of Plaintiff, together with defense costs, including attorneys' fees and disbursements of this action, and for such other and further relief as this Court deems just and proper.

GREENBERG TRAURIG, P.A.

*s/Joshua R. Brown*
Joshua R. Brown, B.C.S.
Florida Bar No. 826391
brownjr@gtlaw.com
GREENBERG TRAURIG, P.A.
450 South Orange Ave., Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
Facsimile: (407) 841-1295
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished, electronically, through the CM/ECF system, to all counsel of record on February 10, 2020.

*s/Joshua R. Brown*
Joshua R. Brown