IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NICHIA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 6:19-cv-1333-RBD-EJK |
| v. | ) |
| | ) |
| LIGHTING SCIENCE GROUP CORP., | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

**PLAINTIFF NICHIA CORPORATION'S MOTION TO
STRIKE DEFENDANT'S INVALIDITY DISCLOSURES[1]**

Plaintiff requests that the Court strike Defendant's Invalidity Contentions for failure to comply with the Court's Case Management and Scheduling Order.  (Dkts. 40, 70) (jointly "Order").[2]  Defendant has failed to disclose which prior art is relevant to which patent, and failed to identify a reason why a person of skill would combine each combination of prior art.  Nichia is filing similar motions in Case Nos. 6:19-cv-1332 and 6:19-cv-1334.

On January 8, 2020, Defendant served invalidity contentions.  Exhibit 1, ¶3.[3]  On January 15, 2020, Nichia identified deficiencies in those contentions.  Exhibit 1, ¶5.  After a meet and confer, Defendant agreed on January 27, 2020 to provide supplemental contentions.  Finally, after further extensions, Defendant supplemented their contentions on March 4, 2020.  Those contentions are still deficient.

---

[1]  Filed pursuant to Standing Order on Discovery Motions (Dkt. 54).
[2]  In the alternative, Plaintiff requests that that the Court Order Defendants to serve updated contentions.
[3]  Exhibit 1 is the Declaration of Mark T. Rawls, with the supporting documents.

121414959.1

## ARGUMENT

The Order provides that the party accused of infringement:

> shall disclose whether each item of prior art anticipates ***each asserted claim*** or renders it obvious. If a combination of items of prior art makes a claim obvious, then ***each such combination*** and ***the reason why*** a person of ordinary skill in the art would combine such items ***shall be identified***.

Order, p. 4 (emphasis added).

Defendant's initial invalidity contentions failed to identify which prior art reference allegedly anticipated which patent claim. Defendant supplemental contentions now allege that **every prior art reference** anticipated **every patent claim**. Exhibit B to Rawls Declaration at 5-13. This is equally improper, as the supplemental contentions fail to provide any meaningful notice of which prior art is relevant to which patent claim.

Nichia's asserted patents cover different aspects of LED technology and claim priority to applications dating from at least July 1996 to February 2009. Certain of Defendants' allegations are completely without merit, as they allege that art which clearly post-dates the patent claims are anticipatory. (For example, Nichia's U.S. Patent No. 8,309,375 claims priority to 1996, but Defendants point to alleged prior art from throughout the 2000s.) Nichia should not have to undertake the burden to determine which allegations are facially deficient. Nor should Nichia be left to guess which prior art Defendants actually contend is applicable to each patent claim.

Finally, Defendants fail to provide the alleged motivation to combine prior art references on a per-claim or even per-patent basis. Instead, Defendants group all of the patents and their various inventions into a single section addressing the alleged "motivation to combine." Exhibit B to Rawls Declaration at 15-24. This is improper, as it fails to account for the different inventions at issue in the case.

Although Defendants had six additional weeks to remedy their initially deficient contentions, Defendants' invalidity contentions still fail to comply with the Court's Order and should be stricken.

## **CERTIFICATE OF CONFERRAL**

In accordance with Local Rule 3.01(g), the undersigned certifies that he conferred with Defendants' counsel on March 4, 2020 in an attempt to resolve the issues raised in this Motion. Defendants refused to consent to the relief sought herein.

On January 15, 2020, Nichia sent Defendants a letter outlining deficiencies in their contentions to Defendants. Exhibit C to Rawls Declaration. The parties discussed further on at least January 23, February 4, February 10, February 25, and March 4. On the final meet and confer on March 4, the parties confirmed their impasse.

Dated:  March 5, 2020

Respectfully submitted,

**CARLTON FIELDS, P.A.**

By: */s/ Daniel C. Johnson*

Daniel C. Johnson
Trial Counsel
Florida Bar No. 522880
djohnson@carltonfields.com
200 S. Orange Ave., Ste. 1000
Orlando, Florida  32801-3400
Tel. No.:  (407) 244-8237
Fax No.:   (407) 648-9099

Eleanor M. Yost
Florida Bar No. 1003178
eyost@carltonfields.com
William (Ty) Giltinan
Florida Bar No. 27810
wgiltinan@carltonfields.com
J. Coy Stull
Florida Bar No. 15764

jstull@carltonfields.com
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607-5780
Tel. No.: (813) 229-4395
Fax No.: (813) 229-4133

-and-

**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

Robert P. Parker (Trial Counsel) (*pro hac vice*)
rparker@rfem.com
Jenny Colgate (*pro hac vice*)
jcolgate@rfem.com
Michael Jones (*pro hac vice*)
mjones@rfem.com
Daniel McCallum (*pro hac vice*)
dmccallum@rfem.com
Mark Rawls (*pro hac vice*)
mrawls@rfem.com
607 14th Street N.W., Suite 800
Washington, DC 20005
Tel. No.: (202) 783-6040
Fax No. : (202) 783-6031

*Attorneys for Plaintiff Nichia Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been furnished, electronically, through the CM/ECF system, to all counsel of record on this 5th day of March 2020.

/s/ *Daniel C. Johnson*
Daniel C. Johnson

4

121414959.1