UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHIA CORPORATION,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 6:19-CV-1333-RBD-EJK

LIGHTING SCIENCE GROUP CORP.

    Defendant.
_____/

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE DEFENDANT'S INVALIDITY DISCLOSURES**

Plaintiff's Motion (D.E. 78, "Motion") seeks to strike invalidity contentions served by Defendant. Alternatively, Plaintiff seeks updated contentions. Motion, at 1 n.2. Defendant agrees to serve updated contentions. The other relief sought —striking Defendant's invalidity disclosures and thereby precluding such defenses— is inappropriate on this record.

Precluding defenses "'ought to be a last resort –ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" *Pandora Jewelry, LLC v. Cappola Capital Corp.*, 2009 WL 790129, at *3 (M.D. Fla. Mar. 23, 2009) (quoting *United States v. Certain Real Property Located at Route 1*, 126 F.3d 1314, 1317 (11th Cir.1997)) (striking affirmative defenses after the defendant willfully disregarded three separate discovery orders and "was specifically warned that failure to identify and/or produce documents could result in dismissal of all unsupported … affirmative defenses"). Such sanctions are inappropriate in "the absence of either a motion to compel … or an order of the court compelling discovery," *Route 1*, 126 F.3d at 1318; or where "Plaintiffs have not explained how they suffered prejudice," *DeepGulf Inc. v. Moszkowski*, 333 F.R.D. 249, 255

(N.D. Fla. 2019). Further, a Magistrate Judge may not issue sanctions that preclude a defense. *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, 2011 WL 1456029, at *3 (S.D. Fla. Apr. 5, 2011).

Here, the Court has *not* issued an order compelling responses and Plaintiff has not sought one before now. Nor has Plaintiff presented evidence of bad faith. On March 4, 2020, Defendant served supplemental invalidity contentions addressing issues raised in Plaintiff's correspondence and telephone conferences between counsel including emails and calls on February 25, 2020. Later on March 4, 2020, the parties held another call. The specific deficiencies raised in this Motion were not discussed; instead, Plaintiff's counsel stated Plaintiff was still unsatisfied with Defendant's disclosures and intended to file a motion to strike and/or to compel better responses. Now that Defendant has read the Motion and understand Plaintiff's specific concerns, Defendant is willing to further update its contentions.

On March 6, 2020, the day after filing the Motion, Plaintiff served amended infringement contentions in this case and a companion case. Defendant's invalidity disclosures are meant to respond to Plaintiff's infringement contentions. Having amended its contentions after filing this Motion, Plaintiff cannot claim any prejudice due to delay in Defendant's responsive disclosures.

The Motion requests Defendant specifically identify: (1) which disclosed prior art is relevant to which patent claim; and (2) which disclosed motivations to combine relate to which patent claim. Defendant believes that it has already done so. *See, e.g.,* D.E. 78-1, at 106 (citing the combination of Koung, Urasaki, and Oshio against Claims 1 and 7 of U.S. Patent 8,530,250 and noting "they are in the same field of endeavor … and are reasonably pertinent to" the

problems that patent purports to solve). Nevertheless, Defendant agrees to promptly supplement their contentions to further address these specific concerns.

Respectfully submitted,

*s/Joshua R. Brown*
Joshua R. Brown, B.C.S.
Florida Bar No. 826391
brownjr@gtlaw.com
GREENBERG TRAURIG, P.A.
450 South Orange Ave., Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
Facsimile: (407) 841-1295
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished, electronically, through the CM/ECF system, to all counsel of record on March 12 2020.

*s/Joshua R. Brown*
Joshua R. Brown

3