UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHIA CORPORATION,

      Plaintiff,

v.                                         Case No:  6:19-cv-1333-Orl-37EJK

LIGHTING SCIENCE GROUP
CORPORATION,

      Defendant.

# SECOND AMENDED CASE MANAGEMENT AND SCHEDULING ORDER IN PATENT CASE

> **PLEASE TAKE NOTE**
> All parties must thoroughly review the contents of this order, which shall govern all proceedings in this action, unless subsequently modified by written order for good cause shown.

On April 21, 2020, Honorable Judge Embry J. Kidd held a Motion Hearing (see Doc. 105) where he addressed the parties Joint Motion to Continue Hearing and Memorandum of Law in Support. Pursuant to the deadlines addressed at the hearing and the Order entered on April 22, 2020 (Doc. 106), the Court enters this Second Amended Case Management and Scheduling Order. All other provisions of the Amended Case Management and Scheduling Order (Doc. 70) continue to apply.

| Disclosure of Intent to Rely on Advice of Counsel as a Defense | November 16, 2020 |
|---|---|

Any party that will rely on advice of counsel as a defense must serve on the opposing party disclosures of the following:

1. The party shall produce or make available for inspection and copying documents relating to the opinion(s) of counsel as to which the party agrees the attorney-client privilege has been waived.

2. The party shall serve on the opposing party a privilege log identifying any other documents relating to the opinion(s) of counsel, except those authored by counsel acting solely as trial counsel, which the party withholds on the grounds of attorney-client privilege or work product protection.

The Court *will not* permit any party that fails to make the above disclosures relating to an opinion of counsel to rely on that opinion of counsel at trial absent a stipulation of the parties.

| **Joint Claim Construction Statement** | May 11, 2020 |
|---|---|

After exchanging the list discussed above (under "Proposed Claim Term Constructions"), lead counsel for the parties shall meet and confer in person about the claim terms in dispute. During this conference, the parties shall narrow and finalize the claim terms that need to be interpreted by the Court. If the parties determine that a claim construction hearing is not necessary, they shall notify the Court in a timely manner. The parties shall file a Joint Claim Construction Statement, including intrinsic evidence, extrinsic evidence, and a summary of expert testimony, if any. The parties shall submit to the Court a chart with no more than ten (10) claim terms; each party's construction of each claim term; and the relevance of the construction of each claim term for summary judgment. The joint claim construction statement shall not exceed twenty-five (25) pages. The Court *will not*

permit the presentation of argument or testimony at trial, or in connection with summary judgment motions, about any disputed claim term that was not identified in the parties' Joint Claim Construction Statement, absent good cause.

| **Technology Tutorial Conference** | July 22, 2020 at 10:00 A.M. |

At the technology tutorial conference, the counsel for the parties shall explain the technology at issue in the litigation, but they _shall not_ pre-argue their claim construction positions to the Court, except to point out to the Court the context of the dispute.

| **Joint Pre-Hearing Statement** | July 20, 2020 |

Lead counsel for the parties shall confer about the claim construction hearing and file with the Court a Joint Pre-Hearing Statement informing the Court of the claim terms that will be discussed and the witnesses that will be called. The parties shall also submit a four-column claim interpretation chart in the form of Exhibit A (attached). The joint pre-hearing statement shall not exceed four (4) pages, not including Exhibit A.

| **Claim Construction Hearing** | August 19, 2020 at 10:00 A.M. |

The claim construction hearing will last no longer than six (6) hours.

| **Amending Infringement, Non-Infringement, and Invalidity Contentions** | November 16, 2020 |

Amendments to infringement, non-infringement, or invalidity contentions shall be made in accordance with Federal Rule of Civil Procedure 26(e) upon learning that the contention is incomplete or incorrect. Any amendment to a party's infringement contentions must be timely made but in no event later than thirty (30) days after the

Court's claim construction ruling. Any amendment to a party's non-infringement or invalidity contentions must be timely made but in no event later than fifty (50) days after the Court's claim construction ruling.

| **Fact Discovery Deadline** | November 16, 2020 |
|---|---|

Discovery shall begin immediately on all discoverable issues and shall not be limited to claim interpretation. Discovery shall include any relevant opinions of counsel if Defendant intends to rely upon an opinion of counsel as a defense to a claim of willful infringement.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 23, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:            All Counsel of Record